UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MACH 4 CONSTRUCTION, et al.,<br><br>Defendants. | 3:08-CV-0578-LRH-WGC<br>3:09-CV-0565-LRH-WGC<br><br><u>ORDER</u> |

Before the court are defendant Mach 4 Construction's ("Mach 4") various motions in limine to preclude certain evidence at trial. Doc. ##88, 89, 90, 91.[1]

**I.     Facts and Background**

On October 30, 2008, plaintiffs filed the present action against Mach 4 for breach of contract arising from alleged unpaid union and trustee contributions. Doc. #1.[2] Thereafter, Mach 4 filed the present motions in limine to preclude certain evidence from the trial currently scheduled for December 6, 2011. Doc. ##88, 89, 90, 91.

///

---

[1] Refers to the court's docket number.

[2] For a complete history of this action see this court's order denying plaintiffs' motion for summary judgment. Doc. #59.

**II.     Motion in Limine #1 (Doc. #88)**

In its initial motion in limine, Mach 4 seeks to preclude evidence regarding alleged contribution entitlements for any time after the filing of the initial complaint, or at most, the date the initial audit was concluded. *See* Doc. #88. Specifically, Mach 4 argues that because the complaint was filed in October 2008, evidence of additional contributions accruing after that date are irrelevant. *Id*. The court disagrees.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, the court finds that all evidence of damages, including those arising after the filing of the complaint and completion of the initial audit are relevant to the underlying action. Moreover, a plaintiff may seek unpaid contributions that accrue after the filing the complaint without seeking leave to amend as a matter of law. *See Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1402 (N.D. Cal. 1992). Therefore, the court finds that plaintiffs are entitled to present evidence of unpaid contributions accruing since the filing of the initial complaint and shall deny Mach 4's motion in limine accordingly.

**III.    Motion in Limine #2 (Doc. #89)**

In its second motion in limine, Mach 4 seeks to have the court exclude the testimony of plaintiffs' expert auditor and report. *See* Doc. #89. The court has already addressed this issue when it denied Mach 4's motion to exclude the testimony of the auditor. *See* Doc. #58. The court finds no basis to reconsider its prior order. Therefore, the court shall deny Mach 4's second motion in limine for the same reasons outlined in the court's prior order (Doc. #58).

**IV.    Motion in Limine #3 (Doc. #90)**

In its third motion in limine, Mach 4 seeks to preclude defendant Operating Engineers Local #3 ("Local #3"), one of the defendants in the member case 3:09-cv-0565, from utilizing any evidence, including the audit report, from plaintiffs' disclosed experts because Local #3 did not

1  also disclose those same experts during discovery. *See* Doc. #90. The court has reviewed the
2  documents and pleadings on file in this matter and finds that this motion is without merit. The
3  identified experts are not Local #3's experts, and as such, did not have to be separately disclosed.
4  Further, to preclude Local #3 from utilizing or referring to evidence at trial that will already be in
5  the record is nonsensical. A party to an action may utilize all evidence properly admitted even if
6  they did not proffer that evidence. Accordingly, the court shall deny Mach 4's third motion in
7  limine.

8  **V.    Motion in Limine #4 (Doc. #91)**

9  In its fourth motion in limine, Mach 4 once again seeks to preclude the auditor's report
10 arguing that it allegedly does not take into account both covered and non-covered work and is
11 therefore unreliable. *See* Doc. #91. The court has already determined that the audit report is both
12 relevant and reliable. Any issues with the way that the audit report was calculated, or any other
13 issue concerning the audit report, can be raised by Mach 4 at trial. Further, the raised issues go to
14 the weight of the report rather than its admissibility. Accordingly, the court shall deny Mach 4's
15 fourth motion in limine.

17 IT IS THEREFORE ORDERED that defendant's motions in limine (Doc. ##88, 89, 90, 91)
18 are DENIED.

19 IT IS FURTHER ORDERED that plaintiff/counter-defendant's motions in limine
20 (Doc. ##41, 42) in member case no. 3:09-cv-0565-LRH-WGC are DENIED.

21 IT IS SO ORDERED.

22 DATED this 15th day of November, 2011.

25 _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

26                                    3