UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MACH 4 CONSTRUCTION, LLC, | |
| Plaintiff, | 03:09-CV-00565-LRH-RAM |
| v. | |
| OPERATING ENGINEERS LOCAL NO. 3, | ORDER |
| Defendant. | |
| OPERATING ENGINEERS LOCAL NO. 3, | |
| Counter-Claimant, | |
| v. | |
| MACH 4 CONSTRUCTION, LLC, | |
| Counter-Defendant. | |

Before the court is plaintiff/counter-defendant Mach 4 Construction, LLC's ("Mach 4") motion for reconsideration of the court's order granting defendant's partial motion for summary judgment (Doc. #33[1]). Doc. #40. Defendant/counter-claimant Operating Engineers Local No. 3 ("OE3") filed an opposition (Doc. #60) to which Mach 4 replied (Doc. #62).

///

---

[1] Refers to the court's docket number.

**I.    Facts and Procedural History**

This is a breach of contract action stemming directly from Mach 4's contention that it effectively terminated its contractual relationship with defendant OE3.[2] On September 25, 2009, Mach 4 filed a complaint alleging four claims for relief against OE3, each of which is based on Mach 4's claim that it effectively terminated its contractual relationship with OE3. Doc #1.

On September 27, 2010, OE3 filed a motion for partial summary judgment (Doc. #26) which was granted by the court (Doc. #33). In the court's order, the court found that Mach 4 failed to properly terminate its contractual relationship with OE3. Doc. #33. Thereafter, Mach 4 filed the present motion for reconsideration. Doc. #40.

**II.    Discussion**

Mach 4 brings its motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its motion, Mach 4 contends that the court erred in finding that it did not properly terminate its contractual relationship with OE3. *See* Doc. #40.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior order is without merit. In its motion, Mach 4 has failed to proffer newly discovered evidence, provide the court with new controlling law, or show that the

---

[2] For a complete history of this action and the contracts at issue, see the court's order granting OE3's partial motion for summary judgment. Doc. #33.

1  court's order was in clear error. Mach 4 simply reiterates the same legal positions argued in its
2  motion for summary judgment that there is an alleged ambiguity in the contracts which the court
3  found to be without merit. *See* Doc. #33. Therefore, the court finds that reconsideration is not
4  warranted and shall deny Mach 4's motion accordingly. *See e.g., Brown v. Kinross Gold, U.S.A.*,
5  378 F.Supp.2d 1280, 1288 (D. Nev. 2005) ("reconsideration is not an avenue to re-litigate the same
6  issues and arguments upon which the court already has ruled.").

8      IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #40) is
9  DENIED.
10     IT IS FURTHER ORDERED that defendant's motion in limine #1 (Doc. #36) is DENIED
11 as moot.
12     IT IS SO ORDERED.
13     DATED this 22nd day of November, 2011.

                                              _____
                                              LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE

3