UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MACH 4 CONSTRUCTION, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>OPERATING ENGINEERS LOCAL NO. 3,<br><br>        Defendant.<br>_____<br>OPERATING ENGINEERS LOCAL NO. 3,<br><br>        Counter-Claimant,<br><br>v.<br><br>MACH 4 CONSTRUCTION, LLC,<br><br>        Counter-Defendant.<br>_____ | 03:09-CV-00565-LRH-RAM<br><br><u>ORDER</u> |

Before the court is defendant/counter-claimant Operating Engineers Local No. 3 ("OE3") motion in limine #2. Doc. #37.[1] OE3 seeks to preclude plaintiff/counter-defendant Mach 4 Construction, LLC ("Mach 4") from proffering evidence on its three affirmative defenses identified in the proposed joint pre-trial order (Doc. #35)[2]: (1) fraud in the inducement; (2) estoppel; and

---

[1] Refers to the court's docket number.

[2] The proposed joint pre-trial order (Doc. #35) has not been signed by the court.

(3) unclean hands. *Id*.

    The court has reviewed the documents and pleadings on file in this matter and finds that Mach 4 should not be precluded from pursuing its affirmative defense of unclean hands. This affirmative defense was raised in Mach 4's answer and has yet to be addressed by the court. Although OE3 claims that liability has already been established in this action based on the court's order granting its partial motion for summary judgment, that order only established that Mach 4 failed to properly terminate the underlying contracts. *See* Doc. #33. Nowhere in that order did the court examine the equitable issue of unclean hands. This issue is still relevant for trial, and as such, Mach 4 is entitled to pursue this defense.

    However, as to Mach 4's affirmative defense of fraud in the inducement, the court finds that this affirmative defense was not properly raised in Mach 4's answer or in any prior pleading before this court. As such, this affirmative defense cannot now be raised by Mach 4. *See* FED. R. CIV. P. 12(b). Therefore, the court finds that Mach 4 is precluded from pursuing the affirmative defense of fraud in the inducement. Likewise, the court finds that Mach 4 is precluded from raising its newly proposed affirmative defense of void under NRS 613.250, identified in its recent motion to amend the proposed joint pre-trial order (Doc. #57), because that affirmative defense is untimely.

    Finally, as to Mach 4's affirmative defenses of estoppel, the court finds that Mach 4 is precluded from pursuing this defense at trial because the court has already denied this defense and determined it was without merit. *See* Doc. #33.

    As an additional note, the court has reviewed the remaining issues for trial in this matter, including Mach 4's remaining affirmative defenses, and finds that there are no causes of action or disputed issues of fact which necessitate a jury trial in this matter. All remaining issues and defenses are equitable in nature and ripe for a bench trial. Accordingly, the court shall amend its November 17, 2011 order in the base case, case no. 3:08-cv-578 (Doc. #125), to confirm that a jury trial is no longer warranted in these consolidated actions and strike Mach 4's jury demand.

1     IT IS THEREFORE ORDERED that defendant's motion in limine #2 (Doc. #37) is
2  DENIED in-part and GRANTED in-part in accordance with this order.
3     IT IS FURTHER ORDERED that plaintiff's motion to amend pre-trial order (Doc. #57) is
4  DENIED.
5     IT IS FURTHER ORDERED that the court's November 17, 2011 order in case no.
6  3:08-cv-0578 (Doc. #125) is AMENDED to confirm that a jury trial is not required and that
7  plaintiff's motion to strike jury demand (Doc. #112) is GRANTED. The clerk of court shall
8  STRIKE defendant's jury demand.
9     IT IS SO ORDERED.
10    DATED this 23rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE