UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MACH 4 CONSTRUCTION, LLC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPERATING ENGINEERS LOCAL NO. 3, ) <br> ) <br> Defendant. ) <br> ) | 3:09-CV-00565-LRH-RAM |

Before the court is plaintiff Mach 4 Construction, LLC's ("Mach 4") Motion for Attorney's Fees (#117[1]). Defendant Operating Engineers Local No. 3 ("Local 3") has responded (#122), and Mach 4 has replied (#123). Local 3 has moved to strike Mach 4's reply or, alternatively, for leave to file a surreply (#124).

**I.     Facts and Procedural History**

In May 2007, Mach 4, a construction industry employer, and Local 3, a union, signed a collective bargaining agreement (CBA). Under this agreement, Mach 4 was obligated to make fringe benefit contributions to various employee benefit plans organized under Section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3), (37).

///

---

[1] Refers to the court's docket entry number.

In September 2009, Mach 4 brought four claims for relief against Local 3, each of which was based on Mach 4's argument that it had effectively terminated its contractual relationship with the union. (Complaint #1.) Local 3 brought two counterclaims (a breach of contract claim and a declaratory judgment claim) based on the premise that Mach 4 had failed to effectively terminate this relationship. (Amended Answer #16.)

The court granted summary judgment to Local 3 with respect to Mach 4's claims, and the parties proceeded to a bench trial on Local 3's counterclaims. In granting summary judgment to Local 3, the court found that the CBA was "clear and unambiguous with respect to Mach 4's termination rights and obligations" and that "Mach 4 failed to effectively terminate its contractual relationships with [Local 3]." (Order #33, pp. 6-8.)

At trial, Local 3 introduced—for the first time—evidence that threw significant doubt on the court's earlier interpretation of the termination provisions. In particular, this evidence supported Mach 4's claim that it had effectively terminated the agreements with Local 3 in June 2008. In light of this evidence, the court reversed its previous ruling that the agreements were "clear and unambiguous with respect to Mach 4's termination rights and obligations." (Trial Transcript ("Tr."), pp. 763-64.) In its verdict, the court ruled against Local 3, finding (largely on the basis of this new evidence) that Mach 4 had effectively terminated its CBA on June 30, 2008.

Mach 4 now moves for attorney's fees.

**II.  Legal Standard**

Unless specific authority provides otherwise, the prevailing party in a lawsuit may not ordinarily collect attorney's fees. *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). However, such a fee award may be appropriate "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. (citation and quotation marks omitted).

"The bad faith requirement sets a high threshold." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). "Mere recklessness" does not alone constitute bad faith; rather,

2

an award of attorney's fees is justified when reckless conduct is "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (citation and quotation marks omitted).

## III. Discussion

Mach 4 moves for attorney's fees under the "bad faith" exception to the normal rule, arguing that Local 3 acted in bad faith (1) when it failed to produce the new evidence prior to trial and (2) when Local 3's agents testified inconsistently. The court finds that an award of attorney's fees is not appropriate.

First, during the trial, the court found that Local 3's new evidence should have been produced during discovery. The court reversed its summary judgment ruling and reinstated Mach 4's estoppel defense in part as a sanction for Local 3's failure. (Tr. at pp. 763-64.) However, Mach 4 was unable to identify a request for production pursuant to which Local 3's failure to disclose merited sanctions. Nor has Mach 4 countered Local 3's explanation that the new evidence fell outside of its disclosure obligations under Federal Rule of Civil Procedure 26(a). And Local 3 has explained that it only became aware of the new evidence on the eve of trail. To its credit, Local 3 introduced the highly prejudicial evidence itself. While Local 3's failure to produce this evidence may have been negligent or even reckless, the court is satisfied that this failure was not coupled with an improper purpose. Therefore, fee-shifting on this basis in inappropriate.

Second, Mach 4 argues that Local 3's agents perpetrated a fraud on the court by offering inconsistent testimony. Yet a fraud upon the court involves a "scheme" to "undermine the judicial process," and Mach 4 has failed to show anything behind Local 3's agents' inconsistencies apart from bad memories and confusion. *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1132 (9th Cir. 1995). The court weighed these agents' credibility and found it wanting; further adverse consequences flowing from their inconsistencies are not warranted.

///

///

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Mach 4's Motion for Attorney's Fees (#117) is DENIED.

IT IS FURTHER ORDERED that Local 3's Motion to Strike (#124) is DENIED as moot.

IT IS SO ORDERED.

DATED this 18th of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE